UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. TOBY MAGNUSON, a/k/a "Scooby," Defendant. | CR. 15-50095-JLV ORDER |
|---|---|

Defendant Toby Magnuson filed a motion asking the court to request the United States Bureau of Prisons ("BOP") reconsider its denial of a sentence reduction for having successfully completed the substance abuse treatment program. Defendant file a separate motion asking the court to make a judicial recommendation to BOP for placement of Mr. Magnuson in a residential reentry program for 12 months. (Dockets 66 & 67). The government opposes both motions. (Docket 70). For the reasons stated below, defendant's motions are denied.

**ANALYSIS**

1.    MOTION FOR SENTENCE REDUCTION

On August 15, 2016, Mr. Magnuson was sentenced to 72 months custody for attempted trafficking in involuntary servitude or forced labor in violation of 18 U.S.C. §§ 1590(a) and 1594(a). (Docket 62). At the time of sentencing the court found Mr. Magnuson was "convicted of a nonviolent offense." Id. at p. 2. Based on that finding, the court recommended to the

BOP that defendant's "history of substance abuse indicates the defendant would be an excellent candidate for the Bureau of Prisons' substance abuse treatment program. It is recommended the defendant be allowed to participate in that program and, if successful, the term of incarceration be reduced accordingly." Id.

The government contends the court's finding was not binding on the BOP as Mr. Magnuson was convicted of § 1590, with the underlying offense being § 1591. (Docket 70 at p. 2). The government submits defendant "was categorically denied early release pursuant to valid BOP policy." Id. at p. 4. That policy, according to the government, permits the BOP to deny early release "based on the[] pre-conviction conduct." Id. (citing Lopez v. Davis, 531 U.S. 230, 241 (2001)).

Both the complaint (Docket 1) and the indictment (Docket 21 at p. 1) charged Mr. Magnuson with attempted commercial sex trafficking of children in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a). The BOP categorized a violation of § 1591 as a crime of violence. See BOP Categorization of Offenses, P5162.05 at p. 4.[1] Categorical denial of early release based on pre-conviction behavior is a "manifestly permissible construction of the statute and an appropriate exercise of BOP's discretion." Lopez, 531 U.S. at 237. BOP is not bound by the court's recommendation of early release upon Mr. Magnuson's

---

[1]https://www.bop.gov/PublicInfo/execute/policysearch?todo=query#. Last visited December 13, 2018.

successful completion of the substance abuse treatment program. 18 U.S.C. § 3621(b).

Defendant's motion (Docket 66) is denied.

2. MOTION FOR RESIDENTIAL PLACEMENT

Mr. Magnuson moves the court pursuant to 18 U.S.C. § 3621(b)(4) for a judicial recommendation to BOP for placement in a residential reentry program for 12 months. (Docket 67). Mr. Magnuson argues a recommendation of residential placement is appropriate because of "all the positive steps" he has taken "toward rehabilitation while incarcerated." Id. at p. 3. Mr. Magnuson notes his good conduct while incarcerated, his expression of remorse and his desire to be placed near his family where "[h]e will return to full time employment, being a member of the Union, employed as a Journeyman/Millwright." Id. at p. 4. Mr. Magnuson "believes himself to be a good candidate for successful rehabilitation." Id. at p. 5.

The government opposes the motion. (Docket 70 at pp. 9-12). The government contends "it is unclear what Magnuson's standing is related to an 18 U.S.C. § 3624(c)(1) review or request. [He] is not scheduled for release from BOP until August 22, 2021, and . . . has not provided any proof showing he has received a final determination regarding RRC [residential reentry center] referral." Id. at p. 10. Further, the government argues Mr. Magnuson has made "no showing that he exhausted" the administrative remedies regarding any BOP decision. Id. at p. 12.

In reply, Mr. Magnuson argues BOP policies now require "that inmates be reviewed for pre-release Residential Reentry Centers (RRC)/Halfway House placements 17-19 months before their projected release dates." (Docket 73 at p. 2 (referencing Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 (3d Cir. 2015); Amimazmi v. Scism, Civil No. 3:11-CV-273, 2011 WL 1743846, at *5 (M.D. PA May 5, 2011)). Mr. Magnuson submits the "regulations were issued so that placement in a community correctional facility by the BOP is conducted in a manner consistent with 18 U.S.C. § 3621(b)." Id. at p. 3 (referencing 28 CFR § 570.22).

Mr. Magnuson's reliance on § 3621 is misplaced. Subsection (b) specifically states that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b) (emphasis added).

His reliance on § 3624(c)(1) is similarly misplaced. That section permits BOP to determine a prisoner's RRC placement in a range of one month up to twelve months and leaves to the discretion of the Director of the BOP what period of time "will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).

"A prisoner's placement in the BOP system remains a decision solely within the discretion of the Director of the BOP." United States v. Arechiga-Torres, CR 12-50027-01, 2018 WL 2305669, at *2 (D.S.D. May 21, 2018). "To the extent that Defendant is challenging the Bureau of Prison's execution of his federal sentence, he is required to first pursue and exhaust administrative remedies through the Bureau of Prisons." Id. at 2018 WL 2305669, at *2 (citing United States v. Volin, No. CR 14-165, 2016 WL 4544332, at *1 (D. Minn. Aug. 31, 2016) (referencing Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009) ("Mathena's petition must be dismissed because he failed to exhaust his administrative remedies within the Bureau of Prisons. A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."). "This exhaustion requirement recognizes the notion that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer and to be able to exercise their discretionary power and apply their special expertise." Id. (citing Morgan v. United States, No. CIV. 14-3003, 2014 WL 1871861, at *5 (D.S.D. May 8, 2014)).

Mr. Magnuson's citation to district court decisions in other regions of the country is not persuasive. (Docket 67 at p. 5). The court is not inclined to interfere with the BOP's administration of prisoner placement or other reentry programs. Defendant's motion (Docket 67) is denied.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motions (Dockets 66 & 67) are denied.

Dated January 28, 2019.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE